The Honorable James B. Jett Clerk of Circuit Court Clay County Post Office Box 698 Green Cove Springs, Florida 32043
Dear Mr. Jett:
You have asked for my opinion on substantially the following questions:
1. Does the term "public facilities" as used in section212.055(2)(d)2.a., Florida Statutes (1998 Supplement), apply to office space the county has leased from a private corporation for a period of ten years for use as a branch office of the Clay County Clerk of Court?
2. If the answer to Question One is in the affirmative, can proceeds from the discretionary sales surtax levied pursuant to section 212.055(2), Florida Statutes (1998 Supplement), be spent for capital improvements to the building?
In sum:
Office space that is the subject of a long-term lease for use as a branch office for the Clay County Clerk of Court would not fall within the scope of the term "public facilities" as it is used in section 212.055(2)(d)2.a., Florida Statutes (1998 Supplement). Thus, local government infrastructure surtax funds may not be expended for the improvement and renovation of such property.
Your questions are related and will be answered together.
You have asked whether the term "public facilities" may be understood to mean office space that the county has leased for a period of ten years. Clay County has entered into a long-term lease agreement with a private corporation to provide space for a branch office of the Clay County Clerk of Court. The Clerk plans to make improvements to these premises and is considering several options in paying for the improvements. One of these options involves the expenditure of the local government infrastructure surtax levied under section 212.055(2), Florida Statutes.
Section 212.055(2), Florida Statutes, authorizes county governments to levy a discretionary sales surtax. The surtax must be levied pursuant to an ordinance enacted by the governing body of the county and must be approved by county voters.[1] The proceeds of the surtax and any interest accruing on the tax shall be expended "within the county . . . to finance, plan, and construct infrastructure and to acquire land for public recreation or conservation or protection of natural resources and to finance the closure of county-owned or municipally owned solid waste landfills[.]"[2] The term "infrastructure" is defined, in part, to mean:
"Any fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction, or improvement of publicfacilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto."[3] (e.s.)
An examination of the legislative history surrounding the enactment of section 212.055(2), Florida Statutes, indicates that the statute was enacted to provide a means of meeting the tremendous strains placed upon the infrastructure of local government by the influx of people moving into this state.[4]
Thus, the statute, which authorizes a county to impose a surtax to address those strains, requires that the surtax revenues be used to meet the county's infrastructure needs.[5]
The term "public facilities" is not defined for purposes of Chapter 212, Florida Statutes. However, the term is used a number of times throughout the statutes.
Section 163.3164, Florida Statutes (1998 Supplement), providing definitions for county and municipal planning and land development regulation, defines the term "[p]ublic facilities" as:
"[M]ajor capital improvements, including, but not limited to, transportation, sanitary sewer, solid waste, drainage, potable water, educational, parks and recreational, and health systems and facilities, and spoil disposal sites for maintenance dredging located in the intracoastal waterways, except for spoil disposal sites owned or used by ports[.]"[6]
Section 163.3180(1), Florida Statutes (1998 Supplement), categorizes public facilities as follows: "[r]oads, sanitary sewer, solid waste, drainage, potable water, parks and recreation, and mass transit, where applicable, are the only public facilities
and services subject to the concurrency requirement on a statewide basis." (e.s.) Subsection (12)(g)3. of this statute refers to "public facilities such as parks, libraries, and community centers[.]"
The term "[p]ublic facilities" is defined for purposes of the Florida Local Government Development Agreement Act.[7] Section163.3221(12), Florida Statutes, provides that the phrase means: "major capital improvements, including, but not limited to, transportation, sanitary sewer, solid waste, drainage, potable water, educational, parks and recreational, and health systems and facilities."
With regard to special districts, "[p]ublic facilities" are
"major capital improvements, including, but not limited to, transportation facilities, sanitary sewer facilities, solid waste facilities, water management and control facilities, potable water facilities, alternative water systems, educational facilities, parks and recreational facilities, health systems and facilities, and . . . spoil disposal sites for maintenance dredging in waters of the state."[8]
References to "public facilities" in relation to educational issues include that in section 240.155, Florida Statutes, which provides for campus master plans and campus development agreements. Subsection (11)(c) of the statute requires that, at a minimum, each campus development agreement "[m]ust address public facilities and services including roads, sanitary sewer, solid waste, drainage, potable water, parks and recreation, and public transportation."
Finally, section 341.353(2)(d), Florida Statutes, which provides a procedure for the certification of a high-speed rail transportation system, requires that consideration be given to whether such a system will "[e]fficiently use or unduly burden water, sewer, solid waste disposal, or public transportation facilities or other necessary public facilities[.]"[9]
In light of the discussion above, it is my opinion that office space that is the subject of a long-term lease for use as a branch office for the Clay County Clerk of Court would not fall within the scope of the term "public facilities" as it is used in section212.055(2)(d)2.a., Florida Statutes (1998 Supplement). Thus, local government infrastructure surtax funds may not be expended for the improvement and renovation of such property.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 212.055(2), Fla. Stat.
[2] Section 212.055(2)(d)1., Fla. Stat. (1998 Supp.).
[3] Section 212.055(2)(d)2.a., Fla. Stat. (1998 Supp.).
[4] See, House of Representatives Committee on Community Affairs Staff Analysis on CS/CS/HB 1421, dated June 8, 1987.
[5] See, Ops. Att'y Gen. Fla. 92-81 (1992), 94-46 (1994), 95-71 (1995), and 95-73 (1995), discussing the local government infrastructure surtax and the projects for which it may be used.
[6] Section 163.3164(24), Fla. Stat. (1998 Supp.) And see, s.163.400(1)(f), Fla. Stat., for a substantially similar definition.
[7] Sections 163.3220-163.3243, Fla. Stat.
[8] Section 189.403(7), Fla. Stat.
[9] Section 341.353(2)(d), Fla. Stat.